**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

TYREE DAJUAN GASTON,

               Plaintiff,

    v.

CO II GRIMER; LT. STEEDLY; SGT.
PRATT; WARDEN GRAMIACK; NURSE
BRAD; and COUNSELOR CHARMER,

           Defendants.

CIVIL ACTION NO.: 5:15-cv-13

---

**ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

     Plaintiff, who is currently incarcerated at Ware State Prison in Waycross, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. The undersigned has conducted the requisite frivolity review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. Based on that review, and for the reasons set forth below, the undersigned **RECOMMENDS** Plaintiff's right to privacy, stand-alone verbal threats, compensatory and punitive damages, and official capacity claims be **DISMISSED**. I also **RECOMMEND** Plaintiff's claims against Defendants Pratt, Gramiack, Regional Director for Ware State Prison, Valdosta State Prison Mental Health Staff, and Counselor Charmer be **DISMISSED**.[1] I further **RECOMMEND** Plaintiff's request for injunctive relief be **DENIED**.

     The undersigned **ORDERS** a copy of this Order and Plaintiff's Complaint be served upon Defendants Grimer, Brad, and Steedly. The Court provides additional instructions to

---

[1] The Clerk of Court is **DIRECTED** to add "Regional Director for Ware State Prison" and "Valdosta State Prison Mental Health Staff" as named Defendants upon the docket and record of this case.

Plaintiff and Defendants Grimer, Brad, and Steedly pertaining to the future litigation of this action, which the parties are urged to read and follow.

STANDARD OF REVIEW

In any civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, Section 1915A requires the Court to screen the complaint for cognizable claims before or as soon as possible after docketing. The Court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1) & (2).

In conducting this initial review, the Court must ensure that a prisoner plaintiff has complied with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. However, in determining compliance, the Court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

In addition, the Court is guided by the Eleventh Circuit Court of Appeals' opinion in Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). In Mitchell, the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at Section 1915A(b). As the language of Section 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to the initial review of prisoner complaints under Section 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted Section 1915(e), its interpretation guides this Court in applying the identical

language of Section 1915A.  See also Jones v. Bock, 549 U.S. 199, 215 (2007) (dismissal pursuant to Section 1915A(b)(1) for failure to state a claim is governed by the same standards as dismissals for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)).

To prevent dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation omitted).  A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Because "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys[,]" they are liberally construed.  Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006).

## PLAINTIFF'S ALLEGATIONS

Plaintiff asserts he was housed in the K-2 building in administrative segregation at Ware State Prison on January 29, 2015, and Defendants Grimer and Pratt conducted an unnecessary search of his cell.  Plaintiff contends Defendant Grimer told him that he and Defendant Pratt wanted to see his genitalia.  (Doc. 1, p. 10.)  Plaintiff asserts Defendant Pratt sexually assaulted him by "palm[ing] Plaintiff's right buttock[.]"  (Id.)  Plaintiff avers Defendant Grimer also sexually assaulted him by "aggressively pull[ing]" on Plaintiff's penis.  (Id.)  Plaintiff maintains Defendant Grimer threatened to kill Plaintiff if he reported the sexual assault, but Plaintiff nevertheless reported the alleged assault.  Plaintiff contends Defendant Brad, a nurse, examined him after the assault, and Defendant Brad threatened to bring disciplinary charges against Plaintiff if he reported the assault.  (Id.)  Plaintiff asserts he informed Defendant Brad and Defendant Steedly he wanted mental health assistance, in accordance with the Prison Rape Elimination Act's ("PREA") guidelines.  However, Plaintiff states Defendants Brad and Steedly

informed him that the Valdosta State Prison Mental Health staff for PREA (specifically Counselor Charmer), which handles PREA reports arising out of Ware State Prison, would refuse to see him. Plaintiff also states he wrote Defendant Gramiack and Defendant Regional Director for Ware State Prison regarding the foregoing incidents, and he requested mental health treatment and the removal of Defendants Grimer, Pratt, Brad, and Steedly. Plaintiff maintains these two Defendants failed to respond to his requests. (Id. at p. 11.)

Plaintiff also alleges Defendants Grimer and Steedly escorted him from the medical unit on February 2, 2015. Plaintiff avers Defendant Grimer sexually assaulted him again by grabbing both of his buttocks and dragging his tongue across Plaintiff's neck. Plaintiff contends Defendant Grimer told him he no longer cared whether Plaintiff reported the sexual assault which occurred three days prior. Plaintiff also contends Defendant Grimer threatened to kill him if he lost his job and told Plaintiff he "belong[ed] to him." (Id.) Plaintiff asserts he once again notified Defendant Gramiack and Defendant Regional Director of this sexual assault and requested mental health services for his psychological and emotional trouble, but the Defendants did not respond. Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.

DISCUSSION

Plaintiff's allegations implicate numerous theories of liability, and the undersigned addresses each of these theories in turn. The Court accepts Plaintiff's non-conclusory factual allegations as true, as it must at this stage.

I.     **Right to Privacy Claim**

The Eleventh Circuit Court of Appeals recognizes "that inmates have a constitutional right to bodily privacy and that the involuntary exposure of their genitals in the presence of members of the other sex states a claim for violation of privacy rights[.]" Caffey v. Limestone

Cty., Ala., 243 F. App'x 505, 508 (11th Cir. 2007) (citing Fortner v. Thomas, 983 F.2d 1024 (11th Cir. 1993)); see also Mitchell v. Stewart, 608 F. App'x 730, 733 (11th Cir 2015) (recognizing Fortner's "special sense of privacy" in one's genitals and that the involuntary exposure of them in the presence of people of the other sex may be "especially demeaning and humiliating"). However, a prisoner "does not state a claim for an Eighth Amendment violation where there is only *de minimis* injury." Caffey, 243 F. App'x at 508 (citing Boxer X v. Harris, 437 F.3d 1107, 1111 (11th Cir. 2006) (concluding that "a female prison guard's solicitation of a male prisoner's manual masturbation" stated a claim for violation of the plaintiff's privacy rights under Fortner but failed to state a claim under the Eighth Amendment)).

Here, Plaintiff does not allege he was forced to expose his genitals in the presence of any female correctional officer. Rather, Plaintiff asserts Defendant Pratt touched his right buttock and Defendant Grimer pulled his penis in an aggressive manner on January 29, 2015, and that Defendant Grimer grabbed both of Plaintiff's buttocks on February 2, 2015. These actions easily could have occurred while Plaintiff was fully clothed. In addition, even if Plaintiff was not clothed when he was allegedly sexually assaulted, he was not forced to expose himself in the presence of a member of the opposite gender, which is the essence of a right to privacy claim under Fortner. See Baker v. Welch, No. 03Civ.2267(JSR)(AJP), 2003 WL 22901015, at *11– *14 (S.D.N.Y. Dec. 10, 2003) (collecting cases involving cross-sex viewings of genitals); Jensen v. Satran, 633 F. Supp. 1187, 11910 (D.N.D. 1986) (recognizing prisoners' limited right to privacy and failing to find this limited right extends to observations by members of the same sex).

Further, Plaintiff does not set forth any facts indicating he suffered any physical injury as a result of these alleged sexual assaults, let alone any physical injury resulting in more than a *de*

*minimis* physical injury. Accordingly, Plaintiff's right to privacy claims against Defendants Pratt and Grimer should be **DISMISSED**.

## II.    Sexual Assault Claims

Plaintiff's allegations that Defendants Pratt and Grimer sexually assaulted him appear to give rise to Eighth Amendment claims. The Eighth Amendment prohibits cruel and unusual punishment. It is a basic tenet of law that prison or jail officials violate the Eighth Amendment when they are deliberately indifferent to a substantial risk of serious harm to inmates. Marsh v. Butler Cty., Ala., 268 F.3d 1014, 1027 (11th Cir. 2001). "[A]n 'inmate has a constitutional right to be secure in [his] bodily integrity and free from attack by prison guards.'" Boyd v. Nichols, 616 F. Supp.2d 1331, 1339 (M.D. Ga. 2009) (quoting Hovater v. Robinson, 1 F.3d 1063, 1068 (10th Cir. 1993)). "[S]evere or repetitive sexual abuse of a prisoner by a prison official can violate the Eighth Amendment." Boxer X, 437 F.3d at 1111. "'[S]exual abuse of a prisoner by a corrections officer has no legitimate penalogical purpose, and is simply not part of the penalty that criminal offenders pay for their offenses against society.'" Id. (quoting Boddie v. Schnieder, 105 F.3d 857, 861 (2d Cir. 1997)). The determination of whether a prison official's sexual abuse of a prisoner constitutes an Eighth Amendment violation requires a two-part inquiry. The first inquiry is the objective component, "which requires that the injury be 'objectively, sufficiently serious.'" Id. (quoting Boddie, 105 F.3d at 861). "[A]n injury can be objectively, sufficiently serious only if there is more than *de minimis* injury." Id. The second inquiry is the subjective component, "which requires the prison official [to] have a sufficiently culpable state of mind." Brown v. Smith, No. 5:05-CV-475 (DF), 2006 WL 1890192, at *4 (M.D. Ga. July 10, 2006). "[A] single incident of sexual abuse, if sufficiently severe or serious, may violate an inmate's Eighth Amendment rights no less than repetitive abusive conduct. Recurrences of abuse, while

not a prerequisite for liability, bear on the question of severity: Less severe but repetitive conduct may still be 'cumulatively egregious' enough to violate the Constitution." Crawford v. Cuomo, 796 F.3d 252, 257 (2d Cir. 2015) (citing Boddie, 105 F.3d at 861).

In Boxer X, the Eleventh Circuit Court of Appeals "concluded that a female prison guard's solicitation of a male prisoner's manual masturbation, even under the threat of reprisal, does not present more than *de minimis* injury and affirmed the dismissal of the Eighth Amendment claim." Moton v. Walker, 545 F. App'x 856, 860 (11th Cir. 2013) (internal citation and punctuation omitted). In Boxer X, the plaintiff alleged that the defendant "made a single verbal statement with sexual language and connotations, which plainly falls short of severe or repetitive sexual abuse. Moreover, [the p]laintiff . . . alleged no injury, physical or otherwise, resulting from the purported incident." Walker v. O'Neal, No. CV313-038, 2013 WL 3804587, at *2 (S.D. Ga. July 18, 2013) (citing Boxer X, 437 F.3d at 1109, 1111). The plaintiff in Boxer X failed "to satisfy the objective component of the applicable standard in that he has not alleged any injury, let alone an injury of sufficient gravity to establish an Eighth Amendment violation." Id.; see Allen v. McDonough, No. 4:07–CV–469–RH–GRJ, 2011 WL 4102525, at *5 (N.D. Fla. Aug.17, 2011) (collecting cases in support of the proposition that "one incident of non-violent harassment alone [is] not sufficient to meet the cruel and unusual punishment standard"), *adopted by* 2011 WL 4103081 (N.D. Fla. Sept. 14, 2011).

Plaintiff's putative sexual assault claim against Defendant Pratt under the Eighth Amendment should be **DISMISSED**. The only allegation Plaintiff makes against Defendant Pratt is that he palmed his buttock on one occasion. Such an allegation does not rise to the repetitive nature required in the Eleventh Circuit to sustain an Eighth Amendment claim for sexual assault. Nor does this allegations give rise to an Eighth Amendment claim against

Defendant Pratt under the Second Circuit's severity requirement. However, Plaintiff's putative Eighth Amendment sexual assault claim against Defendant Grimer shall proceed. Plaintiff alleges Defendant Grimer sexually assaulted him on two occasions, which arguably is a sufficient ground for a viable Eighth Amendment claim.[2]

## III.     Deliberate Indifference Claims

### A.     Failure to Protect

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. "'To show a violation of [his] Eighth Amendment rights, [a p]laintiff must produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation.'" Smith v. Reg'l Dir. of Fla. Dep't of Corr., 368 F. App'x 9, 14 (11th Cir. 2010) (quoting Purcell ex rel. Estate of Morgan v. Toombs Cty., Ga., 400 F.3d 1313, 1319 (11th Cir. 2005)). "To be deliberately indifferent a prison official must know of and disregard 'an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. (quoting Purcell, 400 F.3d at 1319–20). Whether a substantial risk of serious harm exists so that the Eighth Amendment might be violated involves a legal rule that takes form through its application to facts. However, "simple negligence is not actionable under § 1983, and a plaintiff must allege a conscious or callous indifference to a prisoner's rights." Smith, 368 F. App'x at 14. In other words, "to find deliberate indifference on the part of a prison official, a plaintiff inmate must show: (1)

_____

[2] Although Plaintiff sets forth no facts indicating he suffered any physical injury as a result of Defendant Grimer's alleged assaults, as stated below, he arguably sets forth a claim for psychological injury resulting from Defendant Grimer's purported sexual assaults.

subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." Thomas v. Bryant, 614 F.3d 1288, 1312 (11th Cir. 2010).

Like any deliberate indifference claim, a plaintiff must satisfy both an objective and a subjective inquiry. Chandler v. Crosby, 379 F.3d 1278, 1289–90 (11th Cir. 2004). Under the objective component, a plaintiff must prove the condition he complains of is sufficiently serious to violate the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 8 (1992). As for the subjective component, "the prisoner must prove that the prison official acted with 'deliberate indifference.'" Miller v. King, 384 F.3d 1248, 1260–61 (11th Cir. 2004) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). To prove deliberate indifference, the prisoner must show that prison officials "'acted with a sufficiently culpable state of mind'" with regard to the serious prison condition at issue. Id. (quoting Chandler, 379 F.3d at 1289–90).

To the extent Plaintiff avers Defendants Gramiack and Regional Director for Ware State Prison failed to protect him from sexual assaults allegedly occurring on January 29 and February 2, 2015, these claims should be **DISMISSED**. Plaintiff has failed to set forth any contention which would indicate Defendants Gramiack and the Regional Director were subjectively aware of any potential risk Defendants Grimer and Pratt posed to Plaintiff's safety prior to the alleged sexual assaults which occurred. The Court notes Plaintiff's contention he wrote these Defendants after each occasion, but there is nothing before the Court indicating these Defendants received Plaintiff's written assertions prior to February 2, 2015, which is the last date Plaintiff states he was assaulted. Plaintiff also fails to set forth any facts indicating Defendants Gramiack and the Regional Director should have been aware of any alleged threats to an inmate's safety or well-being posed by Defendants Pratt and Grimer.

### B. Mental Health Needs

As stated above, the Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon a prison official to take reasonable measures to guarantee the safety of inmates. The standard for cruel and unusual punishment, embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104 (1976), is whether a prison official exhibits a deliberate indifference to the serious medical needs of an inmate. Farmer v. Brennan, 511 U.S. 825, 828 (1994). However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105). Rather, "an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994).

In order to prove a deliberate indifference claim, a prisoner must overcome three obstacles. The prisoner must: 1) "satisfy the objective component by showing that [he] had a serious medical need"; 2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and 3) "show that the injury was caused by the defendant's wrongful conduct." Goebert v. Lee Cty., 510 F.3d 1312, 1326 (11th Cir. 2007). A medical need is serious if it "'has been diagnosed by a physician as *mandating* treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. (quoting Hill, 40 F.3d at 1187) (emphasis supplied). As for the subjective component, the Eleventh Circuit has consistently required that "a defendant know of and disregard an excessive risk to an inmate's health and safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995). Under the subjective prong, an inmate "must

prove three things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk;

(3) by conduct that is more than [gross] negligence." Goebert, 510 F.3d at 1327.

The Court notes that "mental health needs are no less serious than physical needs" for purposes of the Eighth Amendment. Gates v. Cook, 376 F.3d 323, 332 (5th Cir. 2004); see Hope v. Pelzer, 536 U.S. 730, 738 (2002) (highlighting "taunting" and "humiliation" as circumstances which contributed to finding that handcuffing petitioner to a hitching post after "[a]ny safety concerns had long since abated . . . violated the basic concept underlying the Eighth Amendment, which is nothing less than the dignity of man") (internal quotation and citation omitted)); Smith v. Aldingers, 999 F.2d 109, 109 (5th Cir. 1993) (reversing dismissal of Eighth Amendment claim because district court failed to consider whether purely psychological injury could constitute an Eighth Amendment injury)); LaMarca v. Turner, 995 F.2d 1526, 1544 (11th Cir. 1993) (affirming injunction ordering psychological counseling of rape victims to address unnecessary and wanton infliction of pain of failing to provide prisoners with post-rape psychological counseling)); Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993) (explaining that serious physical or emotional injury may give rise to an Eighth Amendment violation)); and Northington v. Jackson, 973 F.2d 1518, 1524 (10th Cir. 1992) (holding that psychological injury may constitute pain under the Eighth Amendment excessive force standard)).

Based on Plaintiff's assertions, he requested mental health assistance from Defendants Brad and Steedly. Plaintiff asserts Defendants Brad and Steedly denied his requests and informed him Defendant Valdosta State Prison Mental Health Staff would refuse to see him. However, there is nothing before the Court indicating Defendant Valdosta State Prison Mental Health Staff was made aware of Plaintiff's requests for medical attention based on any mental health concerns and denied those requests. Rather, Plaintiff's allegations reveal that Defendants

Brad and Steedly informed Plaintiff of their own volitions that he would not receive mental health assistance. Plaintiff's claims against Defendant Valdosta State Prison Mental Health Staff and Counselor Charmer should be **DISMISSED**. In contrast, Plaintiff's deliberate indifference to his mental health needs claim against Defendants Brad and Steedly should proceed.[3]

## IV.    Verbal Threats

As noted above, Plaintiff asserts Defendants Grimer and Brad verbally threatened him with charging Plaintiff with disciplinary violations and with physical violence if he reported the alleged sexual assaults. However, Plaintiff makes no assertion that Defendants Grimer and Brad have acted on these threats. In a similar context, the Eleventh Circuit has affirmed the dismissal of claims based on prison officials' threats "because the defendants never carried out these threats." Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866 (11th Cir. 2008) (citing Edwards v. Gilbert, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989)). The Court further held that "verbal abuse alone is insufficient to state a constitutional claim." Id. Accordingly, Plaintiff's claims that Defendants Brad and Grimer violated his constitutional rights by making unfulfilled verbal threats should be **DISMISSED**.

## V.    Retaliation

"It is an established principle of constitutional law that an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison's administrators about the conditions of his confinement." O'Bryant v. Finch, 637 F.3d 1207, 1212 (11th Cir. 2011). It is also established that an inmate may maintain a cause of action against prison administrators who retaliate against him for making such complaints. Id. (quoting

---

[3] For the same reason Plaintiff's deliberate indifference to safety claims against Defendants Gramiack and Regional Director should be dismissed, (i.e., Plaintiff does not allege these Defendants actually received his complaints), so, too, should Plaintiff's deliberate indifference to mental health claims against Defendants Gramiack and Regional Director be **DISMISSED**.

Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008) (internal citation and punctuation omitted)). "To establish a First Amendment retaliation claim, a prisoner need not allege the violation of an additional separate and distinct constitutional right; instead, the core of the claim is that the prisoner is being retaliated against for exercising his right to free speech." O'Bryant, 637 F.3d at 1212. "To prevail, the inmate must establish these elements: (1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the administrator's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech." Smith, 532 F.3d at 1276 (citing Bennett v. Hendrix, 423 F.3d 1247, 1250, 1254 (11th Cir. 2005)).

Here, Plaintiff's assertions that he filed grievances and made complaints to the PREA hotline are constitutionally protected speech. Additionally, Plaintiff arguably asserts that a prisoner of "ordinary firmness" may have been deterred from exercising his First Amendment rights based on Defendants' actions. Bennett, 423 F.3d at 1252 (noting "adverse effect" depends on the context of the alleged action and focuses on "the status of the speaker, the status of the retaliator, the relationship between the speaker and the retaliator, and the nature of the retaliatory acts[ ]") (citing Thaddeus–X v. Blatter, 175 F.3d 378, 398 (6th Cir.1999)). Thus, Plaintiff's retaliation claims against Defendants Grimer and Brad remain pending.

## VI. Official Capacity Claims

Plaintiff cannot sustain a Section 1983 claim against Defendants Grimer, Brad, and Steedly in their official capacities. States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty. Alden v. Maine, 527 U.S. 706, 712–13 (1999). Section 1983 does not abrogate the well-established immunities of a state from suit

without its consent. <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 67 (1989). Because a lawsuit against a state officer in his official capacity is "no different from a suit against the [s]tate itself," such a defendant is immune from suit under Section 1983. <u>Id.</u> at 71. Here, the State of Georgia would be the real party in interest in a suit against Defendants Grimer, Brad, and Steedly in their official capacities as officers at a state penal institution, and, accordingly, the Eleventh Amendment immunizes these actors from suit in their official capacities. <u>See</u> <u>Free v. Granger</u>, 887 F.2d 1552, 1557 (11th Cir. 1989). Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims against Defendants Grimer, Brad, and Steedly in their official capacities, and these claims should be **DISMISSED**.

## VII.    Absence of Physical Injury

Plaintiff contends he suffered emotional and psychological injuries as a result of the contentions set forth in his Complaint. "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]" 42 U.S.C. § 1997e(e). The purpose of this statute is "to reduce the number of frivolous cases filed by imprisoned plaintiffs, who have little to lose and excessive amounts of free time with which to pursue their complaints." <u>Napier v. Preslicka</u>, 314 F.3d 528, 531 (11th Cir. 2002) (citing <u>Harris v. Garner</u>, 216 F.3d 970, 976–79 (11th Cir. 2000)). "Tracking the language of [this] statute, § 1997e(e) applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody." <u>Id.</u> at 532.

In <u>Williams v. Brown</u>, 347 F. App'x 429, 436 (11th Cir. 2009), the Eleventh Circuit stated that, "compensatory damages under § 1983 may be awarded only based on actual injuries caused by the defendant and cannot be presumed or based on the abstract value of the

constitutional rights that the defendant violated. Pursuant to 42 U.S.C. § 1997e(e), in order to recover for mental or emotional injury suffered while in custody, a prisoner bringing a § 1983 action must demonstrate more than a *de minim[i]s* physical injury." Id. (internal citations omitted) (alterations in original). The Eleventh Circuit noted, however, that "[n]ominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages." Id. (quoting Hughes v. Lott, 350 F.3d 1157, 1162 (11th Cir. 2003)). "Thus, a prayer for nominal damages is not precluded by § 1997e(e)." Id. (quoting Smith v. Allen, 502 F.3d 1255, 1271 (11th Cir. 2007)). In Williams, the Eleventh Circuit approved this Court's dismissal of the plaintiff's claims for compensatory and punitive damages based on the plaintiff's retaliatory transfer claim because the plaintiff did not allege a requisite physical injury pursuant to Section 1997e(e) but directed this Court to consider the plaintiff's potential recovery of nominal damages based on his retaliatory transfer claim. Williams, 347 F. App'x at 437. Plaintiff's potential recovery of only nominal damages will preclude his ability to recover punitive damages. Jackson v. Melia, 2015 WL 1808892, at *2 (N.D. Fla. Apr. 21, 2015) ("the Eleventh Circuit has clearly held that, in the absence of a physical injury, a request for compensatory and punitive damages is foreclosed by 28 U.S.C. § 1997e(e).") (citing Logan v. Hall, 640 F. App'x 838, 840–41 (11th Cir. 2015), and Al-Amin v. Smith, 637 F.3d 1192, 1195 (11th Cir. 2011)).

As Plaintiff has failed to set forth any allegation that he suffered a physical injury as a result of Defendant Grimer's, Defendant Brad's, or Defendant Steedly's alleged actions, he can recover no more than nominal damages as a result of his allegations. Thus, any claims for compensatory and punitive damages against Defendants Grimer, Brad, and Steedly should be

**DISMISSED**.  However, Plaintiff should be allowed to proceed with claims for nominal damages.

## VIII.   Injunctive Relief Request

Plaintiff has sought injunctive relief from the Court.  (Doc. 1, p. 13.)  To be entitled to an injunction, the movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest.  <u>Schiavo ex rel. Schindler v. Schiavo</u>, 403 F.3d 1223, 1225-26 (11th Cir. 2005).   In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites."  <u>Horton v. City of Augustine, Fla.</u>, 272 F.3d 1318, 1326 (11th Cir. 2001).  Plaintiff has not shown that he has satisfied the prerequisites in order to be entitled to an injunction.  Specifically, Plaintiff has not shown the likelihood of success on the merits of his claims or that injunctive relief is necessary to prevent irreparable injury.  Plaintiff's requests should, therefore, be **DENIED**.

CONCLUSION

These allegations, when read in a light most favorable to the Plaintiff, arguably state colorable claims for relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A against Defendants Grimer, Brad, and Steedly.  A copy of this Order and Plaintiff's Complaint shall be served upon Defendants Grimer, Brad, and Steedly by the United States Marshal without prepayment of cost.

It is my **RECOMMENDATION** that Plaintiff's right to privacy, stand-alone verbal threats, compensatory and punitive damages, and official capacity claims be **DISMISSED**.  I also **RECOMMEND** that Plaintiff's claims against Defendants Pratt, Gramiack, Regional

Director for Ware State Prison, Valdosta State Prison Mental Health Staff, and Counselor Charmer be **DISMISSED**. It is also my **RECOMMENDATION** that Plaintiff's requests for injunctive relief be **DENIED**.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence. Furthermore, it is not necessary for a party to repeat legal arguments in objections.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report to which objection are made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Plaintiff.

The Court also provides the following instructions to the parties regarding the remaining claims and Defendants that will apply to the remainder of this action and which the Court urges the parties to read and follow.

### INSTRUCTIONS TO DEFENDANTS

Because Plaintiff is proceeding *in forma pauperis,* the undersigned directs that service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to the Defendant by first-class mail and request that the Defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local Rule 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that Defendants are hereby granted leave of court to take the deposition of the Plaintiff upon oral examination. Fed. R. Civ. P. 30(a). Defendants are further advised that the Court's standard 140 day discovery period will commence upon the filing of the last answer. Local Rule 26.1. Defendants shall ensure that all discovery, including the Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

In the event that Defendants take the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As the Plaintiff will likely not be in attendance for such a deposition, Defendants shall notify Plaintiff of the

deposition and advise him that he may serve on Defendants, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes to propound to the witness, if any. Defendants shall present such questions to the witness seriatim during the deposition. Fed. R. Civ. P. 30(c).

### **INSTRUCTIONS TO PLAINTIFF**

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon their attorneys, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or their counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

Plaintiff is charged with the responsibility of immediately informing this Court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Failure to do so may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally, Fed. R. Civ. P. 26, *et seq*. The discovery period in this case will expire 140 days after the filing of the last answer. Local Rule 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Local Rule 26.1. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such

materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial.  Local Rule 26.4.

Interrogatories are a practical method of discovery for incarcerated persons.  <u>See</u> Fed. R. Civ. P. 33.  Interrogatories may be served only on a <u>party</u> to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not <u>named</u> as Defendants.  Interrogatories are not to contain more than twenty-five (25) questions.  Fed. R. Civ. P. 33(a).  If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the Court.  If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorneys for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery.  Fed. R. Civ. P. 26(c); 37(a)(2)(A); Local Rule 26.7.

Plaintiff has the responsibility for maintaining his own records of the case.  If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page.  **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the Court may dismiss it for want of prosecution.  Fed. R. Civ. P. 41; Local Rule 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which may be initiated by Defendants.  Upon no less than five (5) days' notice of the scheduled deposition date, the

Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is required to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

### ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendants' motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendants file a motion for

summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should the Defendants' motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest the Defendants' statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in Defendants' affidavits will be accepted as true and summary judgment may be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 29th day of September, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA